IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT NEAL DENNIS, 1010106, )<br>　　　　Petitioner,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division,　　　　　　　)<br>　　　　Respondent.　　　　　　　　) | No. 3:13-CV-2021-L |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

**II.  Background**

Petitioner pled guilty to forgery and tampering with evidence. *State of Texas v. Robert Neal Dennis*, No. 45173 (413th Dist. Ct., Johnson County, Tex., June 13, 2011). Petitioner was sentenced to seven years in prison. He did not file an appeal.

On September 10, 2012, Petitioner filed a state habeas petition. *Ex parte Dennis*, No. 78,608-01. On December 12, 2012, the Court of Criminal Appeals dismissed the petition as non-

compliant. After his petition was dismissed, Petitioner filed a second state habeas petition. *Ex parte Dennis*, No. 78,608-02. On March 6, 2013, the Court of Criminal Appeals denied the petition.

On May 17, 2013, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of counsel when counsel did not sufficiently consult with him;

2. He received ineffective assistance of counsel when counsel failed to investigate an insanity defense;

3. He received ineffective assistance of counsel when counsel erroneously advised him on a clear point of law; and

4. He was coerced into pleading guilty by the police.

On August 15, 2013, Respondent filed a motion to dismiss as barred by limitations and exhaustion. On September 9, 2013, Petitioner filed a response. The Court finds the petition should be dismissed as barred by the statute of limitations.

### III.  Discussion

**A.  Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on June 13, 2011.  He did not appeal his conviction.  His conviction therefore became final thirty days later on July 13, 2011.  *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner then had one year, or until July 13, 2012, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On September 10, 2012, Petitioner filed a state habeas petition.  This petition was filed after the one-year limitations period expired.  It therefore did not toll the

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

limitations period. This petition was also dismissed for failure to comply with the appellate rules, and therefore did not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). After his petition was dismissed, Petitioner filed a second state habeas petition. This petition was filed after the limitations period expired and it did not toll the limitations period.

Petitioner was required to file his federal habeas petition by July 13, 2012. He did not file his petition until May 17, 2013. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he had no access to a law library while he was incarcerated in the Johnson County Jail, and because he has schizo-affective disorder and an IQ of 72. Petitioner has failed to show or alleged that he was incarcerated in the

Johnson County Jail during or throughout the relevant AEDPA limitations period. Further, although Petitioner states he has an IQ of 72 and schizo-affective disorder, his state and federal pleadings show that he is lucid, that he can read and understand Respondent's pleadings, and that he can clearly express his legal and factual claims. Petitioner has failed to show he was incompetent during the AEDPA limitations period. Further, Petitioner's *pro status* and his lack of legal training do not entitled him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, and prisoner's *pro se* status do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that Respondent's motion to dismiss be granted and that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 16th day of October, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).