IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT NEAL DENNIS, 1010106,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:13-CV-2021-L** |
| | § | |
| **WILLIAM STEPHENS, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Robert Neal Dennis' ("Dennis" or "Petitioner") Petition for Writ of Habeas Corpus of a Person in State Custody (Doc. 1), filed pursuant to 28 U.S.C. § 2254; Petitioner's Motion to Request Extension of Forty Days (Doc. 24), filed November 8, 2013;[1] and Respondent's Motion to Dismiss (Doc. 18), filed August 15, 2013. This case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 16, 2013, recommending that Dennis' habeas petition be denied and the case dismissed with prejudice as time-barred. The magistrate judge further determined that Petitioner is not entitled to equitable tolling. Instead of filing objections to the Report within the time provided, Petitioner moved to extend his deadline to file objections to December 10, 2013.

The court determines that Motion to Request Extension of Forty Days (Doc. 24) should be and is hereby **denied**. Petitioner's deadline to file objections to the Report was November 4, 2013.

---

[1] The motion is signed November 1, 2013, but there is no verification or indication that it was put in the prison mail system on that date.

**Order – Page 1**

2013.  This deadline takes into account the three days that are added under Federal Rule of Civil Procedure 6(d) when a party is served by mail pursuant to Rule 5(b)(2)(C).  Petitioner states in his motion that he received the Report on October 23, 2013, and requests that his deadline for filing objections be extended to December 10, 2013, which would give him a total of 55 days to assert objections.  Petitioner provides no explanation for the requested lengthy extension other than to state that he needs additional time "to ponder on and formulate several objections." Pet.'s Mot. 1.  The Report, however, merely addresses the same statute of limitations arguments at issue in Respondent's August 15, 2013 Motion to Dismiss and Petitioner's September 9, 2013 response to the Motion to Dismiss.  Accordingly, the court determines that Petitioner has had sufficient time to "ponder" and formulate arguments regarding the limitations issue addressed in Respondent's Motion to Dismiss and the Report, and he has failed to articulate any reason why he was unable to assert written objections within the time provided by the Report and the relevant statute and procedural rules.  Report 6 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)).  The requested extension will therefore not be allowed.

  After carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court.  Accordingly, the court **grants** Respondent's Motion to Dismiss (Doc. 18), **denies** the Petition for Writ of Habeas Corpus of a Person in State Custody (Doc. 1), and **dismisses with prejudice** this action.

  Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 13th day of November, 2013.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.